### WEINSTEIGER v GRAY

Ohio Appeals, 2nd Dist, Montgomery Co

No. 904. Decided June 26, 1929

Messrs. Shively and Holmes, Dayton, for Weinsteiger.

Mr. John C. Ernst, Swanders, for Gray.

ALLREAD, J.

Now it may conceded that so far as Mrs. Weinsteiger was concerned, she did not expect to pay the bill at the time. She was, however, taken to the hospital in a private ambulance which was paid for by Mr. Robinette. When she went to the hospital she was not taken in a charity ward but was placed in a private room, for which payment was afterwards made. Dr. Gray testifies that he entered up charges against Mrs. Weinsteiger at the time but made no effort to collect the same until later on.

The question is as to whether there was an implied contract between Dr. Gray and Mrs. Weinsteiger. It is clear that Mrs. Weinsteiger at the time her aunts were present at the house fully understood what was being done for her and also when she came to the hospital she was fully conscious because she testified to a conversation between her and the Sister. She was, therefore, competent to enter into an implied contract.

It was not only necessary that Mrs. Weinsteiger herself should understand that she was to be a charity patient, but also that Dr. Gray was to know and understand that she was a charity patient in the hospital and perform the services upon the faith thereof.

We are clear from the undisputed testimony, or at least by the great weight of the testimony, that Dr. Gray did not so understand. He knew that there was no money in sight to be paid at once upon the operation, but he made his charges on his books at the time. Under these circumstances we think that Dr. Gray had the right at any time, when Mrs. Weinsteiger received her estate, to charge her with the amount of his bill.

While it is true that upon disputed evidence, the trial court had the right to make a finding, yet where the judgment is against the manifest weight of the evidence or against the undisputed evidence, the reviewing court has a right to consider the judgment in connection with the evidence and reverse the same as contrary thereto.

We are of opinion that the judgment of the Common Pleas Court, holding that the judgment of the Municipal Court was contrary to the weight of the evidence, should be sustained.

Kunkle and Hornbeck, JJ, concur.